IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARISOL RIVERA-TORRES,

    **Plaintiff**,

           **v.**

FLEMING CASTILLO, *et al.*,

    **Defendants**.

CIVIL NO. 14-1408 (FAB)

**MEMORANDUM AND ORDER**[1]

BESOSA, District Judge.

    On May 19, 2014, plaintiff Marisol Rivera-Torres ("Rivera-Torres") filed a complaint against Fleming Castillo ("Castillo"), individually and as assistant prosecutor for the San Juan District Attorney's Office; Edgardo Rivera-Rodriguez ("Rivera-Rodriguez"), individually and as an officer of the Puerto Rico Police Department; and William Malave-Berrios ("Malave"), individually and as an officer of the Puerto Rico Police Department. (Docket No. 1.) Plaintiff brings false arrest and malicious prosecution claims pursuant to 42 U.S.C. § 1983, contending that defendants subjected her to violations of the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff also brings a negligence claim pursuant to article 1802 of the Puerto Rico Civil Code.

---

[1] Natalie Colvin, a second-year law student at The George Washington University Law School, assisted in the preparation of this Memorandum and Order.

Civil No. 14-1408 (FAB)                                                    2

Before the Court is defendant Castillo's unopposed motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) ("Rule 12(b)(6)"). (Docket No. 8.) For the reasons discussed below, defendant Castillo's motion to dismiss is **GRANTED**.

## I.   RULE 12(b)(6) STANDARD

Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In determining whether a plaintiff's complaint provides "fair notice to the defendants" and states "a facially plausible legal claim," the Court utilizes a two-pronged approach. Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). The Court first identifies and disregards statements that are merely "'legal conclusion[s] couched as fact[]'" or "'[t]hreadbare recitals of the elements of a cause of action.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Second, the Court treats all properly pled, non-conclusory factual allegations as true. Id.

Though the factual material pled must be sufficient "'to raise a right to relief above the speculative level,'" Ocasio-Hernandez, 640 F.3d at 12 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)), the Court may not dismiss a complaint based on disbelief of its factual allegations or a forecast of the likelihood of success on the merits. Id. at 12-13 (citing Twombly, 550 U.S. at 556). As a result, "[t]o survive a motion to dismiss,

a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

## II.  FACTUAL BACKGROUND

In her complaint, plaintiff Rivera-Torres alleges the following facts, which the Court takes as true for the purpose of deciding defendant Castillo's motion to dismiss, see Ocasio-Hernandez, 640 F.3d at 10.

On January 26, 2013,[2] the Puerto Rico Court of First Instance issued an *ex parte* protective order against plaintiff Rivera-Torres, which was effective until February 4, 2013. (Docket No. 1 at p. 2.)  Rivera-Torres, however, was never served with the order.  Id.  On February 6, 2013, defendant police officers Rivera-Rodriguez and Malave arrested Rivera-Torres for having violated the protective order on that day, knowing that the order had expired and that it had never been served on Rivera-Torres. Id. at pp. 2-3.  Defendant prosecutor Castillo then authorized the officers to file charges against plaintiff Rivera-Torres, even though Castillo also knew that the order had expired and had never been served on Rivera-Torres.  Id. at p. 3.  The defendants voluntarily omitted from the complaint the fact that the protective

---

[2] Plaintiff's complaint states that the order was issued on January 26, 2014, (Docket No. 1 at p. 2), but the Court assumes the correct year of issuance is 2013 because the dates on which the order expired and on which plaintiff Rivera-Torres was alleged to have violated it occur in February 2013, id. at pp. 2-3.

Civil No. 14-1408 (FAB)                                                   4

order had expired, misleading the judge who presided over the case and found cause for Rivera-Torres's arrest.  Id.  Defendants proceeded to incarcerate Rivera-Torres, who remained incarcerated until February 22, 2013.  Id.

As a result of her arrest and incarceration, plaintiff Rivera-Torres suffered emotional trauma and damage to her reputation. (Docket No. 1 at pp. 3-4.)  On May 21, 2013, plaintiff notified the Puerto Rico Department of Justice of an extrajudicial claim regarding this incident.  Id. at p. 3.

### III.  DISCUSSION

Defendant Castillo seeks dismissal of plaintiff Rivera-Torres's section 1983 and state-law claims, arguing among other grounds that the claims are time-barred.  (Docket No. 8.)

"Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that 'the facts establishing the defense are clear on the face of the plaintiff's pleadings.'" Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008) (quoting Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001)).  When the dates included in a complaint show that the limitations period has been exceeded and the complaint "fails to sketch a factual predicate that would provide a basis for tolling the statute of limitations," dismissal pursuant to Rule 12(b)(6) is appropriate.  Abdallah v. Bain Capital LLC, 752

Civil No. 14-1408 (FAB)                                              5

F.3d 114, 119 (1st Cir. 2014) (internal quotation marks and citations omitted).  Dismissal is warranted "when review of the complaint, together with any other documents appropriately considered under [Rule 12(b)(6)], . . . 'leave[s] no doubt' that the plaintiff's action is barred by the asserted defense." Blackstone Realty LLC, 244 F.3d at 197 (quoting LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998)).

Federal law determines the accrual date of a section 1983 claim.  Wallace v. Kato, 549 U.S. 384, 388 (2007).  A section 1983 claim for false arrest, a subset of false imprisonment, accrues when the alleged false imprisonment ends and the plaintiff is either released or detained pursuant to legal process.  See id. at 389; Harrington v. City of Nashua, 610 F.3d 24, 28 (1st Cir. 2010). A section 1983 malicious prosecution claim accrues at "the termination of the criminal proceedings."  Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir. 2001).

Section 1983 claims borrow the forum state's statute of limitations period for personal injury claims, Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 96 (1st Cir. 2004), as well as its "law on tolling, provided that it is consistent with underlying federal policy," id. at 97.  Accordingly, Puerto Rico's one-year prescriptive period governing tort actions applies for section 1983 claims in Puerto Rico.  See P.R. Laws Ann. tit. 31, § 5298(2); Santana-Castro v. Toledo-Davila, 579 F.3d 109, 114 (1st Cir. 2009).

Civil No. 14-1408 (FAB)                                                    6

Also borrowing from Puerto Rico law, the statute of limitations period for a section 1983 claim begins to run the day after the claim accrues.  Carreras-Rosa v. Alves-Cruz, 127 F.3d 172, 175 (1st Cir. 1997).

Here, plaintiff Rivera-Torres brings section 1983 false arrest and malicious prosecution claims.  See Docket No. 1 at p. 4. Plaintiff's alleged false arrest occurred on February 6, 2013, (Docket No. 1 at p. 1), and she remained incarcerated until February 22, 2013, id. at pp. 1-2.  Accordingly, the statute of limitations period began to run on her false arrest claim on February 7, 2013, the day after she was arrested, see Wallace, 549 U.S. at 389, and on her malicious prosecution claim on February 23, 2013, the day after she was released, see Nieves, 241 F.3d at 53. The one-year statute of limitations for the claim that accrued most recently thus expired on February 22, 2014.  Consequently, this action, commenced on May 19, 2014, was brought eighty-six days too late and is therefore time-barred unless the statute of limitations was tolled.

Plaintiff Rivera-Torres alleges in her complaint that her letter to the Puerto Rico Department of Justice was an extrajudicial claim that tolled the statute of limitations on this action, though she did not attach the letter to her complaint.  See Docket No. 1.  Defendant Castillo appended plaintiff's letter to his motion to dismiss.  See Docket No. 11-1.

On a motion to dismiss, a court may not ordinarily "consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).

There is, however, a narrow exception by which a "document effectively merges into the pleadings," Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998), when the authenticity of that document is unchallenged and the document is "central to the plaintiff's claim or sufficiently referred to in the complaint, even if [it is] not physically attached to the pleading," Carrero-Ojeda v. Autoridad de Energia Electrica, 755 F.3d 711, 717 (1st Cir. 2014). See Alt. Energy, Inc., 267 F.3d at 33 (considering a settlement agreement outside of the complaint when the complaint mentioned the document, interpretation of the document was determinative of whether the complaint failed to state a claim, and the authenticity of the document was not disputed).

Here, plaintiff Rivera-Torres mentions the letter in her complaint, (Docket No. 1 at p. 3), the letter's authenticity is not contested,[3] and examination of the letter is necessary to determine whether it had the alleged effect of tolling the statute of limitations. Because the complaint fails to state a claim unless

---

[3] Defendant Castillo submitted the letter with his motion to dismiss, (Docket No. 11-1), and plaintiff has not contested its authenticity.

the letter is reviewed and found to have tolled the statute of limitations on plaintiff Rivera-Torres's action, the Court considers the letter in deciding the motion to dismiss.

The letter, sent to the Puerto Rico Department of Justice, General Litigations Division, is dated May 20, 2013, and stamped as received on May 21, 2013.  (Docket No. 11-1 at p. 1.)  The letter is addressed "To Whom It May Concern," and at the bottom it reads "Cc: Puerto Rico Police Department, Puerto Rico Supreme Court." Id. at pp. 1, 3.  The letter's subject is "Notice of Complaint." Id. at p. 1.  The letter identifies all three defendants by name and asserts that they are liable for Rivera-Torres's illegal arrest and incarceration because they arrested and filed charges against her knowing the protective order she had supposedly violated was not in effect.  Id.  It states plaintiff Rivera-Torres's intent to file suit for the damages sustained from her arrest and incarceration, as well as her intent to toll the statute of limitations for any claim for damages.  Id. at p. 3.

Pursuant to article 1873 of the Puerto Rico Civil Code, a plaintiff can interrupt the statute of limitations by sending an "extrajudicial" letter.  See P.R. Laws Ann. tit. 31, § 5303; Santana-Castro, 579 F.3d at 114.  "[A] letter sent by a tort plaintiff to the tortfeasor, complaining of the tortious conduct and demanding compensation, is an extrajudicial claim that, if timely, interrupts the prescription of the cause of action in

tort." Tokyo Marine & Fire Ins. Co. Ltd. v. Perez & Cia., 142 F.3d 1, 4-5 (1st Cir. 1998).

The tolling effect of an extrajudicial letter is limited to situations where the letter is "identical" to a subsequently filed complaint. Santana-Castro, 579 F.3d at 114. This identicality requirement has three elements: (1) "the extrajudicial letter and subsequent complaint must seek the same form of relief;" (2) "[t]he causes of action asserted [in the complaint] must be based on the same substantive claims as asserted in the extrajudicial letter;" and (3) "[the claims] must be asserted against the same defendants in the same capacities; new defendants should not be added." Id. (internal quotation marks and citations omitted). "Puerto Rico law is clear that the extrajudicial letter 'must be addressed to the . . . passive subject of the right, not to [a] third party.'" Id. at 116 (quoting Velilla v. Pueblo Supermarket, 11 P.R. Offic. Trans. 732, 734-35 (1981)); see also Pitts v. United States, 109 F.3d 832, 835 (1st Cir. 1997). A guiding principle in considering the identicality requirements of an extrajudicial letter is whether the letter gives the defendants "fair notice of the claims that are subsequently raised." Santana-Castro, 579 F.3d at 115. "[B]ecause 'tolling provisions [are] interpreted restrictively against the person invoking their protection,' the requirements for making an extrajudicial claim are strict." Nieves-Vega v. Ortiz-Quinones, 443 F.3d 134, 137 (1st Cir. 2006) (quoting Rodriguez Narvaez, 895

Civil No. 14-1408 (FAB)                                           10

F.2d at 43).  In Santana-Castro, for example, the First Circuit Court of Appeals held that the identicality requirement was not met with respect to claims against on-scene police officers when an extrajudicial letter was addressed to their supervising officer. 579 F.3d at 116.  Although the letter described with specificity the allegations against the on-scene officers, it was not addressed to them and the plaintiffs did not allege that the on-scene officers knew about the letter or its contents.  Id.

Here, the letter sent by plaintiff Rivera-Torres meets the first two identicality requirements: (1) it seeks damages, see Docket No. 11-1, which is the same form of relief sought in the complaint, see Docket No. 1 at p. 4; and (2) it is based on the same substantive claims stated in the complaint, namely false arrest and malicious prosecution, see Docket No. 11-1 at p. 1; Docket No. 1 at pp. 4-5.

The letter fails, however, to meet the third identicality requirement: the letter is addressed to the Puerto Rico Department of Justice and, although the letter mentions them by name, it was in no way addressed to defendants Castillo, Rivera-Rodriguez, or Malave.  Furthermore, the complaint does not allege that the defendants knew about the letter or its contents.  Much like the extrajudicial letter at issue in Santana-Castro, which stated with "precis[ion] and specific[ity]" the allegations of the plaintiffs' arrest, see 579 F.3d at 116, plaintiff Rivera-Torres's letter makes

clear which individuals were involved in her arrest and incarceration, see Docket No. 11-1 at p. 1.  In both cases, however, the fact that the letters were not *addressed* to the accused defendants is "fatal" to the plaintiffs' claims.  See Santana-Castro, 579 F.3d at 116.

Because plaintiff Rivera-Torres's extrajudicial letter was not addressed to defendants, it did not meet the identicality requirements necessary to toll the statute of limitations for her claims.  Therefore, plaintiff's section 1983 claims are time-barred and **DISMISSED WITH PREJUDICE.**

Puerto Rico's one-year prescriptive period governing tort actions also applies to plaintiff Rivera-Torres's state-law claims, brought pursuant to article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141.  See P.R. Laws Ann. tit. 31, § 5298(2).  The one-year prescription on article 1802 fault or negligence claims starts running "from the time the aggrieved person had knowledge" of her injury.  Id.  "The Supreme Court of Puerto Rico has held that a plaintiff has knowledge of an injury when he has (1) notice of the injury and (2) notice of the person who caused it."  Torres v. E.I. Dupont De Nemours & Co., 219 F.3d 13, 18 (1st Cir. 2000).  Plaintiff Rivera-Torres brought suit on May 19, 2014, well over a year after her arrest, incarceration, and release in February 2013, when she would have had notice of her injuries and of those who caused them.  For the same reasons

Civil No. 14-1408 (FAB)                                              12

expressed above, her May 2013 letter did not toll the statute of limitations for her state-law claims.  Therefore, plaintiff Rivera-Torres's article 1802 Puerto Rico Civil Code claims are time-barred and accordingly **DISMISSED WITH PREJUDICE**.

Because plaintiff's claims are time-barred, the Court need not reach the other grounds for dismissal raised by defendant Castillo.

Finally, defendant police officers Rivera-Rodriguez and Malave did not join Castillo's motion to dismiss and have not made an appearance in this case.  "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."  Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981); see Rosser v. Chrysler Corp., 864 F.2d 1299, 1304 (7th Cir. 1988); Loman Dev. Co., Inc. v. Daytona Hotel & Motel Suppliers, Inc., 817 F.2d 1533, 1537 (11th Cir. 1987). Here, the claims against defendant Castillo are identical to the claims against defendants Rivera-Rodriguez and Malave.  As explained above, the statute of limitations on these claims expired in February 2014, three months before plaintiff filed her complaint, and plaintiff's May 2013 extrajudicial claim letter did not toll the statute of limitations because it was not addressed to Rivera-Rodriguez or Malave.  Plaintiff does not allege any additional ground that would toll the statute of limitations for

Civil No. 14-1408 (FAB)                                                  13

her claims against Rivera-Rodriguez and Malave.  Therefore, the Court *sua sponte* **DISMISSES WITH PREJUDICE** plaintiff Rivera-Torres's claims against non-appearing defendants Rivera-Rodriguez and Malave as time-barred.

### IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendant Castillo's motion to dismiss plaintiff Rivera-Torres's complaint, (Docket No. 8).  The complaint is **DISMISSED WITH PREJUDICE** as to all defendants.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 16, 2015.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE